# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSON JOIEL SUGGS,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES WALKER, et al.,<br><br>        Defendants. | CASE NO. 1:10-CV-01359-DLB PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(DOC. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

**Screening Order**

**I.    Background**

Plaintiff Tyson Joiel Suggs ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on July 30, 2010.  Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was previously incarcerated at Corcoran State Prison in ("CSP-Cor"), in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants the warden of California State Prison at Sacramento ("CSP-Sac"), John Walker, and R. Rosenthal, law librarian for CSP-Cor.

Plaintiff alleges the following. On June 4, 2009 and June 11, 2009, the law library was closed. Plaintiff had documents for superior court and the Supreme Court that needed copying. On June 13, June 16, and June 17 of 2009, Plaintiff was neglected law library status. On June 25, 2009, Plaintiff attempted to copy his transcripts for his writ of habeas corpus. On August 13, 2009, Defendant Rosenthal would not copy documents at the law library.

Plaintiff requests as relief monetary damages. Plaintiff claims a violation of the First Amendment, Eighth Amendment, and the Due Process Clause of the Fourteenth Amendment.[1] Plaintiff also alleges a violation of Penal Code section 548.

## III.    Analysis

### A.     Access To The Courts

Plaintiff's allegations regarding copying of his transcripts appear to concern his access to the courts. Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S.

---

[1] Plaintiff claims a violation of the Due Process Clause of the Fourth Amendment. No such clause exists. The Court assumes this is an error.

2

343, 346 (1996).² The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Id.* at 413-14.

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. *Harbury*, 536 U.S. at 415. The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a). *Id.* at 417-18.

Plaintiff fails to state a cognizable access to the courts claim. Plaintiff fails to allege that he suffered an actual injury by being shut out of court regarding his writ of habeas corpus. It is also unclear why Defendant Rosenthal's alleged actions in refusing to copy Plaintiff's transcripts gives rise to an access to the courts claim, as it is unclear how this prevented Plaintiff from litigating his habeas corpus petition or filing with the habeas court. Plaintiff will be granted leave to amend as to this claim.

**B.     Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

---

²Access to the courts is analyzed under both the First Amendment and the Due Process Clause.

3

2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Plaintiff fails to allege any acts by any Defendants that implicate the Eighth Amendment. Plaintiff thus fails to allege an Eighth Amendment claim.

**C.     Linkage**

Plaintiff names the warden of CSP-Sac as a Defendant. At the time Plaintiff filed this action, Plaintiff was incarcerated at CSP-Sac. However, Defendant Walker is not alleged to have committed any act that violated Plaintiff's federal or constitutional rights. Under § 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Accordingly, Plaintiff fails to state any claim against Defendant Walker.

**D.     State Law Claim**

Plaintiff alleges a violation of California Penal Code section 548. This section has no bearing on this action, as it concerns crimes involving insured property.

**IV.     Conclusion And Order**

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 6, 2011**                        /s/ **Dennis L. Beck**
                                                                   UNITED STATES MAGISTRATE JUDGE

5